IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| SHAUNTAY NICHOLE DAVIS-LISBON, ) | CASE NO: 2:22-cv-03625-RMG |
| Plaintiff, ) | |
| v. ) | **COMPLAINT** |
| UNITED STATES OF AMERICA, ) | |
| Defendant. ) | |

**COMPLAINT FOR DAMAGES UNDER THE FEDERAL TORT CLAIMS ACT**

Plaintiff Shauntay Nichole Davis-Lisbon, by and through her undersigned attorney, complaining of the Defendant United States of America, through its Agents, the United States Postal Service, does hereby allege and say that:

**JURISDICTION AND VENUE**

1. This action is bought pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. §§1346(b) and 28 U.S.C §2671, *et seq.* against the United States of America.

2. The claims herein are bought against the Defendant for monetary damages as compensation for personal injuries and property damage caused by Defendant's negligence.

3. Plaintiff Shauntay Nichole Davis-Lisbon(hereinafter "Plaintiff") has fully complied with the provisions of 28 U.S.C. §2675 of the Federal Tort Claims Act by submitting a Standard Form 95 to United States Postal Service on October 22, 2021.

4. Six months having elapsed, Plaintiff has received no final decision of the United States Postal Service, and all requirements precedent to a Federal Tort Claims Act have been met.

5. Venue is proper in this District pursuant to 28 U.S.C. §1402(b) as the acts complained of herein occurred within the State of South Carolina.

## PARTIES

6. Plaintiff Shauntay Nichole Davis-Lisbon is, and at all times relevant hereto was, a citizen and resident of the County of Colleton, State of South Carolina.

7. The United States Postal Service, including its employees, agents and servants, is a federal agency of the United States of America,(hereinafter "Defendant").

8. At all times relevant to this Complaint, Bobbie Faye Stroud was an agent, servant and/or employee of the Defendant and was acting within the scope of her employment for the Defendant.

9. That at all times relevant to this Complaint, the Defendant is responsible for the negligent acts of their agents, servants and/or employees under respondeat superior.

## FACTS

10. That on or about April 30, 2020, at approximately 12:03 p.m., Plaintiff was the driver of 2007 Hyundai automobile, traveling west along Cyrus Lane, secondary road in Colleton County, South Carolina.

11. Also on or about April 30, 2020, at approximately 12:03 p.m., Bobbie Faye Stroud , while acting as a servant, agent and/or employee for Defendant was the operator of a vehicle, owned by the Defendant, was traveling south along Cyrus Lane, a seocndary road in Colleton County, South Carolina.

12. That at the aforementioned date and time, Bobbie Faye Stroud , while acting in her capacity as an agent, servant and/or employee of the Defendant, suddenly and without warning failed to yield the right of way and struck the vehicle in which Plaintiff was operating.

13. As a result of the above-referenced collision, Plaintiff suffered, continues to suffer and will in the future suffer great and substantial bodily injury and damage including, personal bodily injury, physical impairment of his body, medical expenses, pain and suffering, lost wages, lost earnings capacity and/or lost enjoyment of life.

14. In addition to the damages Plaintiff incurred for bodily injury, Plaintiff suffered damages to his vehicle, including costs of repairs, depreciation and loss of use.

## CAUSES OF ACTION - NEGLIGENCE

15. Plaintiff realleges and reincorporates each and every allegation above as if herein specifically rewritten.

16. The Defendant had a duty to hire and retain competent agents, servants and/or employees properly trained and/or supervised in a manner necessary to safely operate a motor vehicle upon the highways of the State of South Carolina.

17. The Defendant negligently, willfully, wantonly, carelessly, grossly negligently and recklessly breached her duty of due care to Plaintiff by hiring and retaining an agent, servant and/or employee who was incompetent, inexperienced and/or unqualified.

18. The Defendant negligently, willfully, wantonly, carelessly, grossly negligently and recklessly breached her duty of due care to Plaintiff by failing to properly train and/or supervise its agent, servant and/or employee

19. Defendant owed Plaintiff as a passenger and/or fellow user of the highways of the State of South Carolina the duty to exercise due care in the operation of any and all motor vehicles upon said highways.

20. Defendant through the acts of its employee while in the course of performing her duties, negligently, willfully, wantonly, carelessly, grossly negligently and recklessly breached its duty of due care to Plaintiff in one or more of the following particulars:

    a. In failing to yield the right of way;

    b. In moving her vehicle left and right upon a roadway when such movement could not be made with reasonable safety in violation of § 56-5-2150(a) of the South Carolina Code of Laws (1976), as amended;

    c. In failing to properly execute a turn in violation of §§ 56-5-2120, 56-5-2150 and/or 56-5-2320 of the South Carolina Code of Laws (1976), as amended;

    d. In moving her vehicle left and right upon a roadway without giving an appropriate signal in violation of § 56-5-2150 of the South Carolina Code of Laws (1976), as amended;

    e. In shifting lanes improperly;

 f. In failing to maintain a proper lookout;

 g. In driving too fast for the conditions then and there existing, such being a violation of § 56-5-1520, of the South Carolina Code of Laws (1976), as amended;

 h. In failing to keep her motor vehicle under control;

 i. In driving a vehicle upon the public highways, and which was not equipped with lights, brakes, steering and/or other equipment in proper condition and adjustment in violation of § 56-5-4410, 56-5-4730, and/or 56-5-4870, of the South Carolina Code of Laws (1976), as amended;

 j. In failing to properly or timely apply her breaks;

 k. In failing to take the last clear chance to avoid the collision;

 l. In attempting to make an improper u-turn in violation of § 56-5-2140 of the South Carolina Code of Laws (1976), as amended;

 m. In improperly backing her vehicle on a roadway in violation of § 56-5-3810 of the South Carolina Code of Laws (1976), as amended;

 n. In operating a motor vehicle, a dangerous instrumentality, in an unsafe manner; and,

 o. In failing to use the degree of care and caution that a reasonable and prudent person would have used under the circumstances then and there prevailing, all of which were a direct and proximate cause of the injuries and damages suffered by the Plaintiff herein.

21. As a direct and proximate result of Defendant's failure to exercise due care, Plaintiff suffered, continues to suffer and will in the future suffer injury and actual damages including, but not limited to, personal bodily injury, physical impairment of his body, medical expenses, pain and suffering, lost wages, lost earnings capacity and/or lost enjoyment of life.

22. The acts and/or omissions set forth herein above would constitute a claim under the laws of the State of South Carolina.

**CAUSE OF ACTION - VICARIOUS LIABILITY AND RESPONDEAT SUPERIOR**

23. Plaintiff realleges and reincorporates each and every allegation above as if herein

specifically rewritten.

24. At all times relevant to this case, Bobbie Faye Stroud was employed by and/or acting on behalf of the Defendant.

25. At all times relevant to this case, Bobbie Faye Stroud acted within the capacity and scope of her employment for the Defendant.

26. Bobbie Faye Stroud, as agent, servant and/or employee of the Defendant did negligently, recklessly, willfully, wantonly and proximately cause personal injury to the Plaintiff.

27. As a direct and proximate result of the Defendant's negligence, Plaintiff sustained serious personal injuries; has incurred and will continue to incur medical expenses and other damages; has endured and will continue to endure pain, suffering, mental anguish and loss of enjoyment of life.

28. The Defendant is liable to the Plaintiff pursuant to 28 U.S.C. 1346(b)(1).

## PRAYER FOR RELIEF

29. Plaintiff is informed and believes that he is entitled to judgment against Defendant for actual damages as determined by the trier of fact, and the costs of this suit.

WHEREFORE, Plaintiff prays for judgment against the Defendant for actual in an amount to be determined by the trier of fact, for the costs of this suit as such further and additional relief as this Court deems just and proper.

Respectfully submitted,

/s/ L. Scott Harvin
L. Scott Harvin, Federal I.D. No. 5482
Attorney for the Defendant
Harvin Law Firm
Post Office Box 139
Walterboro, South Carolina 29488
(843) 549-6432

Walterboro, South Carolina
October 18, 2022